GOODERICH v. ALLEN.

---

### Egbert C. Gooderich v. George Allen.

*Witnesses : Competency of parties : Effect of Act No. 125, of 1861.* The act of 1861, " To amend §§ 4,339, 4,340, 4,341 and 4,342 of the Compiled Laws, in relation to the competency of witnesses and the examination of parties,in certain cases," is repugnant to § 113 of the Justices Act of 1855 ; ( *Comp. L.* § *3,765* ) and, therefore, the act of 1861, prescribes the only rule as to the competency and examination of parties.

*Heard October 13. Decided October 19.*

Error to Oakland Circuit.

Allen, the defendant in error, brought an action of assumpsit against Gooderich before a Justice of the Peace for Oakland County, and recovered a judgment. The case was carried by certiorari to the Circuit Court for the County of Oakland, where the judgment was affirmed.

Gooderich, the defendant below, now brings the cause before this Court by writ of error.

*W. B. Jackson*, for plaintiff in error.

*G. V. N. Lothrop*, for defendant in error,

GRAVES J.

This suit was commenced in a Justice's court, where the defendant in error, who was the plaintiff in that court, recovered judgment, which was afterwards affirmed on certiorari in the Circuit Court. The action was in assumpsit, and upon the trial, Gooderich was called to the stand by his opponent and being sworn, testified. During his examination he was asked a question, which he declined to answer, because, as he alleged, the answer would tend to convict him of a criminal offense; and the Court held that he was privileged from answering. The Justice rendered judgment for Allen to the extent of his demand, on the ground "that the defendant having claimed his privilege, and being present, had refused to swear."

This was thought to be authorized by §3,765 Comp. L., being §113 of the act of 1855, to regulate the proceedings in courts held by Justices of the Peace. The section is as follows: "Either party may in *all* cases have the *other* sworn as a witness; and if the plaintiff refuse to appear on being personally subpœnaed, or being present, refuse to swear, the case shall be dismissed ; if the defendant refuse to appear on being personally subpœnaed, or being present refuse to swear, the plaintiff's demand shall be taken as confessed, no set off allowed and judgment entered accordingly ; such testimony shall not be used as evidence in *any other case, civil* or *criminal*, against such party testifying, except that if such cause shall be appealed, the testimony given by such party in the Justice's court shall be admissible, in case

such party *has been personally subpœnaed, and shall not appear to testify in the Circuit Court."*

It is claimed by the plaintiff in error, that the act relating to the competency of witnesses and examination of parties, approved March 11, 1861 (*Laws 1861 p. 168*), worked a repeal of this section of the act of 1855.

The defendant in error contests this on two grounds. He argues, *first*—that the statute of 1861 was an enlarging act, which only set aside inconsistent restrictive provisions, and did not repeal a provision like that in the act of 1855, which as he insists was not in conflict with the former, although it had less scope. And, *second*—that the section quoted from the law of 1855 simply provided a rule of evidence and practice, and produced no change as to the competency of parties to testify, since parties were already competent when the last named statute was passed.

It seems a sufficient answer to the last position to say, that it appears to us that the provision made in 1855 materially changed the pre-existing law as to the competency of parties. It made either party competent in any case, if called by his adversary, while before that, the parties were only permitted to testify in a specified class of cases, and then only under conditions not required by the act last mentioned. *§85, Ch. 93; §102, Ch. 102, R. S. 1846.*

The other view urged by defendant in error requires more consideration.

The law of 1861 does not expressly name the provision in the statute of 1855 as one to be repealed.

It is entitled "an act to amend sections four thous nd three hundred and thirty-nine, four thousand three hundred and forty, four thousand three hundred and forty-one, and four thousand three hundred and forty-two of the Compiled Laws, *in relation to the competency of witnesses and examination of parties in certain cases,"* and, by section five, it declares that "so much of all acts or parts of acts on the

*same subject*, as are inconsistent with its provisions," shall be repealed.

The title of the act, as well as the body of it, disclosing very clearly its subject matter, the reference contained in the repealing clause cannot be uncertain. By that clause then, all acts and parts of acts, as to the competency of witnesses and examination of parties, which were inconsistent with the act of which the repealing section was part, were repealed.

It remains to inquire whether the two statutes are inconsistent, according to the meaning and intent of the Legislature.

The earlier law required *either* party, in *any* case, to appear and testify at the instance of the opposite party, and provided a penalty for disobedience; while the later one, by § 4 amending § 4,342 Compiled Laws, forbids certain persons, who may nevertheless be parties, from testifying on particular subjects, except upon a condition not contained in the law of 1855.

It is therefore evident that many cases might arise within the scope of the law of 1855, and of section four of the statute of 1861, which would plainly involve the incongruity of the two.

But there is another view, which exhibits the inconsistency of the two acts in a clearer light still. It will be observed that the law of 1855 did not positively compel the party to testify when called on, but gave him the alternative to testify, or be defeated in the case.

The statute of 1861, on the contrary, makes both parties in the suit competent in nearly all cases, and compels them to attend and testify under the same penalties as other witnesses.

Here the incompatibility of the two laws is very apparent; and we do not discover any rule of construction which would harmonize them.

We think, therefore, the Legislature must have intended by the act of 1861, to prescribe the only rule that should govern as to the competency and examination of parties, and consequently a rule, which should supercede that in the provision quoted from the law of 1855.

As a consequence of this view, the judgment of the Court below must be reversed with costs.

The other Justices concurred.